IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:16CR310 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | PROPOSED |
| BRENT SEE, | ) | JURY INSTRUCTIONS |
| | ) | |
| Defendant. | ) | |

Now comes the United States, by and through Carole S. Rendon, United States Attorney,

David M. Toepfer and Carmen E. Hendreson, Assistant United States Attorneys, hereby

submitting proposed jury instructions.

## <u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 1.01.

**JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 1.02.

3

## **PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt,

4



say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 1.03.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 1.04.

6

## <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 1.05.

7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 1.06.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)    Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)    Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)    Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)    Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is

9

inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)   And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 1.07.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 1.08.

## <u>LAWYERS' OBJECTIONS</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2005 Edition, Section 1.09.

12

## **STIPULATIONS**

Statements and arguments of counsel are not evidence in the case. However, if the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept this fact as having been proven. You are not required to do so, however, as it is up to you to determine what proof you will accept.

Authority:

See United States v. Jones, 108 F.3d 668 (6th Cir. 1997) (en banc).

## **ON OR ABOUT**

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that a crime happened "on or about" a certain date. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 2.04.

14

## TESTIMONY AND EVIDENCE - INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 2.01.

15

## UNLAWFUL POSSESSION OF FIREARM AS DEFINED IN TITLE 26, SECTION 5845 AND TITLE 18, SECTION 921

The indictment charges that the defendant violated federal law by possessing firearms as defined in Title 26, United States Code, Section 5845 and Title 18, United States Code, Section 921. The indictment states as follows:

The Grand Jury charges:

Beginning in or about June 2015 through on or about August 9, 2016, in the Northern District of Ohio, Eastern Division, BRENT SEE, knowingly and unlawfully possessed firearms, those are, silencers, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(24), not registered to him in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code; all in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## POSSESSION OF FIREARM AS DEFINED IN TITLE 26, SECTION 5845 AND TITLE 18, SECTION 921

The indictment accuses the defendant of possession silencers, not registered to him in the National Firearms Registration and Transfer Record, in violation of federal law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly possessed the firearms described in the indictment.

Second, that the firearm was a silencer.

Third, that the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Fourth, that the defendant knew of the specific characteristics or features of the silencer that made it subject to registration under the National Firearms Registration and Transfer Record.

Now I will give you more detailed instructions on some of these elements.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

For purposes of this count, the term "firearm" means any firearm silencer or firearm muffler.

"Firearm silencer" or "firearm muffler" mean any device for silencing, muffling, or diminishing the report or a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

Next, I want to explain something about possession.

17

The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

One more thing about possession: the government does not have to prove that the defendant was the only one who had possession of the firearm. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, §§ 12.01 and 2.10.

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, § 2.02; see also United States v. Rose, 522 F.3d 710 (6th Cir. 2008)

Eleventh Circuit Criminal Jury Instructions § 106.1

Staples v. United States, 511 U.S. 600, 609 (1994)

18 U.S.C. § 921(a)(3)(C)/(24) and 26 U.S.C. § 5845(a)(7)

19

## <u>INFERRING REQUIRED MENTAL STATE</u>

I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 2.08.

20

## <u>DELIBERATE IGNORANCE</u>

Finally, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that the items he possessed were silencer parts, then you may find that he knew the items were silencer parts.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that the items he possessed were silencer parts, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2013 Edition, Section 2.09.

## <u>INTRODUCTION</u>

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 7.01.

## <u>WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS</u>

You have heard the testimony of William Swift and _____, who testified as opinion witnesses.

You do not have to either witness's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2013 Edition, Section 7.03.

## **DEFENDANT'S ELECTION NOT TO TESTIFY**

A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 7.02A.

## __DELIBERATIONS__

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

[If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.]

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.


Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.01.

## EXPERIMENTS, RESEARCH AND INVESTIGATION

Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.02.

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.03.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.    So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.04.

28

**PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.05.

## <u>VERDICT FORM</u>

(1) I have prepared a verdict form that you should use to record your verdict. The form reads as follows: (see attached Verdict Form).

(2) If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson [Each of you] should then sign the form, put the date on it, and return it to me.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.06.

## <u>JUROR NOTES</u>

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.10.

## **VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

Remember that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.08.

## <u>COURT HAS NO OPINION</u>

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, 2011 Edition, Section 8.09.

Respectfully submitted,

CAROLE S. RENDON
UNITED STATES ATTORNEY

By:    /s/ David M. Toepfer
        David M. Toepfer
        Assistant U. S. Attorney
        Reg. No.   0068008
        100 East Federal Plaza
        City Center One, Suite 325
        Youngstown, Ohio 44503
        330.740.6986/FAX 330.746.0239
        David.Toepfer@usdoj.gov

        /s/ Carmen E. Henderson
        Carmen E. Henderson (OH: 0089212)
        Assistant U. S. Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        216.622.3967/FAX 216.522.2403
        Carmen.Henderson@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of January 2017, a copy of the foregoing Joint Submission of Proposed Jury Instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this system through the Court's system.

        /s/David M. Toepfer
        David M. Toepfer
        Assistant U. S. Attorney