IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:16-CR-310 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| BRENT SEE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REQUESTED FORFEITURE JURY INSTRUCTIONS AND**

**SPECIAL VERDICT FORM FOR FORFEITURE**

The United States of America, through the undersigned Assistant United States Attorney, hereby submits the following proposed jury instructions and special verdict form for forfeiture.

Respectfully submitted,

Carole S. Rendon
U.S. Attorney, Northern District of Ohio

By: /s/ James L. Morford                  .
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov

**United States' Requested Forfeiture Instruction No. 1:**

Members of the jury, you have one more task to perform before you are discharged. I must ask you to render a special verdict concerning property the United States alleges is subject to forfeiture.

Forfeiture is a sanction for committing a violation of certain federal laws. Forfeiture means that the government takes away certain property that is connected to the offense for which the defendant was convicted.

---

Rule 32.2 - Federal Rules of Criminal Procedure.

**United States' Requested Forfeiture Instruction No. 2:**

  You have found defendant See guilty of the firearms offense charged in Count 1 of the Indictment; namely, Possession of Unregistered Firearms (Silencers).  With respect to this offense, the forfeiture laws of the United States provide that the following property is subject to forfeiture: Any and all firearms (silencers) involved in the offense.

---

26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

**United States' Requested Forfeiture Instruction No. 3:**

In this case, the United States is seeking the forfeiture of the following firearms (silencers):

- 194 firearms (silencers) seized on August 9, 2016, pursuant to the execution of a federal search warrant at the trailer and machine shop associated with the East Palestine, Ohio, residence of defendant See.

In this regard, you must determine whether the subject firearms (silencers) were "involved in" the offense (Count 1) committed by defendant See.

---

26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

**United States' Requested Forfeiture Instruction No. 4:**

Additionally, where the United States cannot recover the property that was "involved in" a firearms offense, the United States can seek a money judgment against the defendant for the value of that property.

Therefore – excepting the 194 firearms (silencers) set forth in the previous instruction – the United States is seeking a money judgment against defendant See for an amount of money equal to the value of all firearms (silencers) he unlawfully possessed between in or about June 2015 and August 9, 2016. Particularly, the United States is seeking a money judgment against defendant See in the amount of at least $39,676.00.

In this regard – and again excepting the 194 firearms (silencers) set forth in the previous instruction - you must determine whether this amount equals the value of all firearms (silencers) defendant See unlawfully possessed between in or about June 2015 and August 9, 2016. In considering your forfeiture verdict, you are instructed that the calculation of the amount of the money judgment need not be exact, but may be the result of a "reasonable extrapolation" from the facts.

---

Rule 32.2(b)(1)(A), Federal Rules of Criminal Procedure ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.").

*United States v. Crews*, 885 F.Supp.2d 791, 799, 801-803 (E.D. Pa. 2012) (following *Harrison*; defendants are jointly and severally liable for a money judgment equal to the value of the money they spent buying drugs, because that money was forfeitable as facilitating property; the law does not require "mathematical exactitude" in calculating the amount subject to forfeiture, but

may be the result of "reasonable extrapolations" supported by a preponderance of the evidence); aff'd sub nom. *United States v. Miller*, 645 Fed. Appx. 211, 226 (district court has authority to enter an *in personam* money judgment against defendant based on a facilitating property theory).

*United States v. Harrison*, 2001 WL 803695, at *1 (N.D. Ill. 2001) (criminal forfeiture is not limited to identifiable assets; government is entitled to money judgment for the value of "property that was used to facilitate commission of the [drug] conspiracy").

*United States v. Numisgroup Int'l Corp.*, 169 F.Supp.2d 133, 136 (E.D.N.Y. 2001) (money judgment may be based on the value of property used – or intended to be used – to commit, to facilitate, or to promote the commission of an offense).

*United States v. Puche*, 350 F.3d 1137, 1153-1154 (11th Cir. 2003) (affirming money judgment equal to the value of the untainted money used to facilitate the money laundering offense).

*United States v. Bevelle*, 2011 WL 3795692, at *7 (6th Cir. 2011) (where the government is unable to recover the actual property that is subject to forfeiture, the government can seek a money judgment against the defendant).

**United States' Requested Forfeiture Instruction No. 5:**

You are instructed that your previous determination that defendant See is guilty of the firearms offense charged in Count 1 of the Indictment is binding on this part of the proceedings, and you must not discuss or determine anew whether he is guilty of that charge.

However, my previous instruction on the government's burden of proof regarding your verdict on the guilt of the defendant does **not** apply to your deliberations and verdicts regarding forfeiture.  In this part of the trial, the government's burden of proof is "by a preponderance of the evidence."  That burden is unlike the burden imposed upon the government in the earlier part of the case, which, as I defined to you then, was proof "beyond a reasonable doubt."  In this part of the case, the government need not prove the facts "beyond a reasonable doubt."  To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

---

*United States v. Smith*, 966 F.2d 1045, 1050-1053 (6th Cir. 1992) (forfeiture is part of sentencing, which is governed by the preponderance standard; same standard applies to forfeiture of proceeds and facilitating property).

*United States v. Bevelle*, 2011 WL 3795692, at *7 (6th Cir. 2011) ("For property to be subject to forfeiture, the government must prove by a preponderance of the evidence that the property is the proceeds of the drug violation.").

*United States v. Corrado*, 227 F.3d 543, 550-551 (6th Cir. 2000) (*Corrado I*) (defendants were convicted of RICO conspiracy; *Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not apply to criminal forfeiture; under *Libretti v. United States*, 516 U.S. 29 (1995), forfeiture is an aspect of the sentence, not a separate offense; therefore, forfeiture need not be proved beyond a reasonable

doubt); *United States v. Corrado*, 286 F.3d 934 (6th Cir. 2002) (*Corrado II*) (petition for rehearing denied).

*South-East Coal Company v. Consolidation Coal Company*, 434 F.2d 767, 778 (6th Cir. 1970) ("To establish the preponderance of the evidence means to prove that something is more likely so than not so; in other words, the 'preponderance of the evidence' means such evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely to be true than not true.").

**United States' Requested Forfeiture Instruction No. 6:**

      Other than the standard of proof, all of the instructions previously given to you concerning your consideration of the evidence, the credibility or believability of the witnesses, your duty to deliberate together and the necessity of a unanimous verdict, will all continue to apply during your deliberations concerning the forfeiture.

**United States' Requested Forfeiture Instruction No. 7:**

  I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide.  You should not consider what might happen to the property in determining whether the property is subject to forfeiture.  Instead, you should focus only on deciding, as I have previously charged, whether the property was "involved in" the firearms offense (Count 1) committed by defendant See.

  Similarly, you are not to consider whether the property is presently available.  That matter also will be considered solely by the Court in imposing sentence.

---

*United States v. Brown*, 2007 WL 470445, *5 (M.D. Fla. 2007).

**United States' Requested Forfeiture Instruction No. 8:**

During your deliberations concerning the forfeiture, you may consider any evidence (including testimony) offered by the parties, either before or after your previous deliberations concerning the guilt of defendant See.

A Special Verdict form has been prepared for your use. You may answer each question by simply putting an "x" or check mark in the space provided next to the words "yes" or "no".

You will take this verdict form to the jury room and, when you have reached a unanimous agreement as to your verdict, you will have your foreperson date and complete the form and each of you will sign it. Then contact us and advise us that a verdict has been reached.

───────────────

Rule 32.2(b)(1)(B) - Federal Rules of Criminal Procedure.

*United States v. Brown*, 2007 WL 470445, at *5 (M.D. Fla. 2007).

*United States v. Sandini*, 816 F.2d 869, 873-874 (3d Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant).

*United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S. Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:16-CR-310 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| BRENT SEE, | ) | |
| | ) | |
| Defendant. | ) | **SPECIAL VERDICT (FORFEITURE)** |

We, the jury, having found defendant Brent See guilty of the offense charged in Count 1 of the Indictment - namely, Possession of Unregistered Firearms (Silencers) - return the following Special Verdict (Forfeiture) as to the following properties.

1. **194 firearms (silencers) seized on August 9, 2016, pursuant to the execution of a federal search warrant at the trailer and machine shop associated with the East Palestine, Ohio, residence of defendant See.**

Were these firearms (silencers) involved in the firearms offense charged in Count 1 of the Indictment?

Yes: _____  No: _____

2.      **Money Judgment**.

Excepting the 194 firearms (silencers) set forth in the previous question - Did the value of all firearms (silencers) unlawfully possessed by defendant See from about June 2015 to August 9, 2016, total at least $39,676.00?

            Yes: _____                    No: _____

3.      If your answer to Question 2 is "yes", your deliberations are concluded; please sign and date this Special Verdict Form.

If your answer to Question 2 is "no", please answer the following question: Excepting the 194 firearms (silencers) set forth in Question 1 - What was the total value of all firearms (silencers) unlawfully possessed by defendant See from about June 2015 to August 9, 2016?

            $ _____.

**Your deliberations are concluded; please sign and date this Special Verdict form.**

**Signatures of Jurors:**

_____          _____

_____          _____

_____          _____

_____          _____

13

_____  	_____


_____  	_____
	Foreperson


Date: _____

**CERTIFICATE OF SERVICE**

It is hereby certified that on this 17th day of January, 2017, a copy of the foregoing "Plaintiff's Requested Forfeiture Jury Instructions and Special Verdict Form for Forfeiture" was filed electronically.  Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ James L. Morford                       .
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio